IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-20-0269 |
| JEROLD GILLIAM, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Pending before the Court is Jerold Gilliam's correspondence. (ECF No. 440.) Mr. Gilliam asks whether he qualifies for a sentence reduction pursuant to Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821"). (*Id.*) The Court therefore construes his correspondence as a Motion pursuant to Amendment 821. The Court will deny the Motion.

Amendment 821, which was given retroactive effect, is a multi-part amendment. Part A limits the criminal history impact of "status points." Specifically, as is relevant here, a defendant's status points are decreased by one point if he had seven or more criminal history points, and his status points are eliminated if he had six or fewer criminal history points when sentenced.

The Court has reviewed Mr. Gilliam's Presentence Report ("PSR"). (ECF No. 174.) It indicates that he did indeed receive two status points, given that "[t]he defendant committed part of the instant offense while on mandatory release supervision." (*Id.* ¶ 41.) As a result, he received a criminal history score of 14, which established a criminal history category of VI. (*Id.* ¶ 42.) However, it also indicates that "the defendant is a career offender due to a previous felony conviction for a crime of violence . . . and two prior convictions for a controlled substance offense" and that "pursuant to USSG §4B1.1(b), the criminal history category for a career offender is VI." (*Id.*)

Because his criminal history computation would still be VI based upon his status as a career offender, Mr. Gilliam cannot avail himself of Part A of Amendment 821. *See United States v. Smith*, Crim. No. 19-312-MOC-DCK, 2024 WL 253659, at *2 (W.D.N.C. Jan. 23, 2024) ("And while the probation office assessed Smith two criminal history points for committing his offense while under a criminal justice sentence those two points did not alter Smith's criminal history category or guideline range. Instead, Smith's criminal history category and guideline range were dictated by his career offender status."); *United States v. Williams*, Crim. No. 20-91-01, 2024 WL 947841, at *2 (S.D. W. Va. Mar. 5, 2024) ("Even though Mr. Williams received two points for status, he is ineligible for a sentence reduction pursuant to Amendment 821. The Court determined that Mr. Williams qualified as a career offender which resulted in a Criminal History Category of VI. His guideline range was not the result of the status points he received, but rather the result of his classification as a career offender.").

Accordingly, it is ORDERED that Mr. Gilliam's Motion (ECF No. 440) is DENIED.

DATED this 28 day of August, 2024.

BY THE COURT:

James K. Bredar
United States District Judge